IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CIRCLE OF LIGHT, ) <br> ) <br> Defendant. ) | Cause No:  4:18-cv-349 <br><br> **JURY TRIAL DEMANDED** |

## **PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff, Church Mutual Insurance Company, by and through the undersigned counsel, pursuant to 28 U.S.C. §2201 and 28 U.S.C. §1332 and for its Complaint for Declaratory Judgment, states as follows:

1. Plaintiff, Church Mutual Insurance Company ("Church Mutual"), is a foreign corporation organized, incorporated, and existing under the laws of the State of Wisconsin, with its principal place of business in Merrill, Wisconsin. Therefore, for the purposes of this Declaratory Judgment based on diversity of citizenship, Plaintiff is a citizen of Wisconsin.

2. Upon information and belief, Defendant Circle of Light Church is a Missouri non-profit corporation, organized, incorporated, and existing under the laws of the State of Missouri. Therefore, for the purposes of this Declaratory Judgment based on diversity of citizenship, Defendant is a citizen of Missouri.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §2201, as Plaintiff is seeking a determination of its rights and obligations under the policy of insurance that was issued to Defendant.

4. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. §1332, as the amount in controversy in this matter is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and there is diversity of citizenship among the parties.

5. Plaintiff issued a policy of insurance to Defendant, having policy number 0188688-02-526158 and a policy period of November 1, 2012 to November 1, 2013.

6. Defendant claims that, on or about May 31, 2013, while the policy was in full force and effect, the real property located at 1308 Veronica Ave., St. Louis, Missouri 63147 was damaged by hail/wind.

7. Defendant subsequently submitted a sworn proof of loss for the damage to its real property damaged by the May 31, 2013 hail/wind event, thereby presenting a formal claim for insurance proceeds under the aforesaid policy.

8. Plaintiff and Defendant both submitted estimates for the loss.

9. Plaintiff and Defendant had a dispute regarding the amount of the loss.

10. In order to resolve the dispute regarding the amount of loss, the parties moved forward with the appraisal process pursuant to the following provision contained in the policy of insurance:

> ***
> **C. LOSS CONDITIONS**
> ***
> 2. Appraisal.
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. IF they fail to agree, they

>will submit their differences to the umpire. A decision agreed to by any two will be binding.
>
>Each party will:
>
>>a. Pay its chosen appraiser; and
>>b. Bear the other expenses of the appraisal and umpire equally.
>
>If there is an appraisal, we will still retain our right to deny the claim.

\*\*\*

11. During the appraisal process, John Easley was appointed umpire (the "Umpire") pursuant to the above-referenced policy provision.

12. Plaintiff and Defendant's respective appraisers, and the Umpire, executed an agreement as to the appraisal parameters of the appraisal (the "Appraisal Parameters"), which is attached hereto as "Exhibit A".

13. The Appraisal Parameters contain the following relevant parameters:

\*\*\*

>2. Under the above referenced provision and Missouri law, the only issue appropriate for appraisal is the value of the property or the amount of the loss, not whether or not covered damage exists.
>
>3. In the present case, the respective appraisers and umpire shall appraise the amount of the loss to the roofing system, including any attached guttering, vents, decorate additions, and/or exterior lighting related to the May 31, 2013 hail/wind event.
>
>4. Church Mutual Insurance and Circle of Light Church previously provided their estimates for the amount of the damage. The current dispute is not with regarding to the scope of the damage, only the amount of loss to the roofing system,

including any attached guttering, vents, decorate additions, and/or exterior lighting related to the May 31, 2013 hail/wind event.

5. The respective appraisers and umpire are not to appraise any damage to the interior, as there is a pending coverage dispute on the damage to the interior.

6. Additionally, any exterior damage above and beyond the damage outlined in the parties' respective estimates is beyond the scope of the current appraisal process.

7. However, should the appraisers locate and/or observe further damage to the exterior, which they believe have been caused by or related to the May 31, 2013 hail/wind event. The appraisers are to notify the parties' respective attorneys, so the alleged additional exterior damage may be evaluated and inspected by Church Mutual Insurance.

***

14. Defendant's appraiser, Cedric Thomas, submitted the Defendant's appraisal (the "Insured's Appraisal") on or about February 5, 2018, which is attached hereto as "Exhibit B".

15. Defendant's appraiser never notified Plaintiff's counsel of any alleged additional exterior damage to allow Plaintiff to evaluate and inspect any alleged additional damage, as required by the Appraisal Parameters.

16. The Insured's Appraisal fails to comply with the Appraisal Parameters, and is beyond the scope of the appraisal process, in that it included alleged damage to parts of the exterior other than the roofing system and attached guttering, vents, decorative additions and/or exterior lighting related to the May 31, 2013 hail wind event.

17. The Insured's Appraisal also fails to comply with the Appraisal Parameters, and is beyond the scope of the appraisal process, in that it includes exterior damage above and beyond the damage outlined in the parties' respective estimates.

18. After receiving the Insured's Appraisal, but prior to the Umpire submitting the appraisal award, Plaintiff's appraiser notified the Umpire that the Insured's Appraisal fails to comply with the Appraisal Parameters and is beyond the scope of the appraisal process, in that it included alleged damage outside the parties' respective estimates.

19. Despite being notified that the Insured's Appraisal fails to comply with the Appraisal Parameters and is beyond the scope of the appraisal process, the Umpired issued an appraisal award (the "Award"), which is attached hereto as "Exhibit C".

20. The Award is identical to the Insured's Appraisal, as it appraises and awards an identical amount for every item, including alleged additional exterior damage, which is entirely beyond the scope of the Appraisal Parameters.

21. The Award fails to comply with the Appraisal Parameters, and is beyond the scope of the appraisal process, in that it appraises alleged damage to parts of the exterior, other than the roofing system and attached guttering, vents decorative additions and/or exterior lighting related to the May 31, 2013 hail/wind event.

22. The Award also fails to comply with the Appraisal Parameters, and is beyond the scope of the appraisal process, in that it appraises exterior damage above and beyond the damage outlined in the parties' respective estimates.

23. In the Award, the Umpire appraises and awards well over $75,000 to Defendant for alleged exterior damage that is beyond the scope of the appraisal process and that fails to comply with the Appraisal Parameters.

24. As such, the Award is inconsistent with the Appraisal Parameters and should be set aside.

25. Furthermore, the relevant policy provision states that "[i]f there is an appraisal, we still retain our right to deny the claim."

26. Under the above-referenced policy provision, Plaintiff maintains the right to deny Defendant's claim for damage not provided coverage under the policy of insurance.

27. The Plaintiff is also requesting that this Court make a determination as to coverage under the above-referenced policy.

28. There is alleged damage in the Award that was not related to the hail/wind event.

29. The alleged damage was not the result of, nor was it caused by any Covered Cause of Loss contained in the policy of insurance, and as such, is not provided coverage pursuant to the following relevant provision contained in the policy of insurance:

***

**A.  COVERAGE**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations Page caused by or resulting from any Covered Cause of Loss.

***

30. Additionally, the alleged damage is excluded pursuant to the following provision contained in the policy of insurance:

***

**B. EXCLUSIONS**

3. We will not pay for loss or damage caused by or resulting from any of the following 3. a. through 3. c. but if an excluded cause of loss that is listed in 3. a. though 3. c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Loss.

\*\*\*

    c. Faulty, inadequate, or defective:
        1. Planning, zoning, development, surveying, siting;
        2. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
        3. Materials used in repair, construction, renovation, or remodeling; or
        4. Maintenance

Or part of all of any property on or off the described premises

\*\*\*

31. The alleged damage is also excluded pursuant to the following provision contained in the policy of insurance:

\*\*\*

**B. EXCLUSIONS**

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such Loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

\*\*\*

    d. (1) Wear and tear;
       (2) Rust, or other corrosion, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself;

\*\*\*

32. There exists an actual controversy of justiciable nature between Plaintiff and Defendant concerning the rights and obligations of the parties under the insurance contract.

33. Plaintiff has complied with all terms, conditions and provisions of the insurance policy and it is specifically reserving any and all rights and defenses it has or may have under the

policy of insurance, including additional rights and defenses that may become apparent through the course of discovery in this case.

34. Pursuant to its obligations under the policy of insurance, Plaintiff made payments to Defendant totaling $127,403.04 for the undisputed ACV amount owed to Defendant for the loss.

35. Plaintiff's payment of $127,403.04 to Defendant satisfied any and all obligations Plaintiff had to Defendant under the policy of insurance.

36. **Set-Off**. In the event of judgment in favor of Defendant, Plaintiff is requesting a set-off in the amount of $127,403.04.

WHEREFORE, Plaintiff prays this Court enter a judgment in its favor and against Defendant declaring:

A. That the Award is a breach of the Appraisal Parameters;

B. That the Umpire's February 19, 2018 Award is set aside;

C. That there is no further coverage for the claimed loss under the policy of insurance;

D. That, in the event of judgment in favor of Defendant, there is a set-off in the amount of $127,403.04, for payments already made to Defendant for the undisputed ACV of the loss.

E. That Plaintiff is entitled to recover any and all such further and other relief as this Court deems just and proper under the circumstances.

                                      **BROWN & JAMES, P.C.**

                       */s/ Jonathan B. Morrow*
                       Timothy J. Wolf, #53099MO
                       Jonathan B. Morrow, #58661MO
                       800 Market Street, Suite 1100
                       St. Louis, Missouri 63101
                       (314) 421-3400
                       (314) 421-3128 – FAX
                       twolf@bjpc.com
                       jmorrow@bjpc.com
                       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I certify that on this 1st day of March, 2018, the foregoing was filed electronically with the Clerk of Court and served via email and U.S. certified mail to the following counsel of record:

Mr. Melvin L. Raymond
Attorney at Law
4387 Laclede Ave.
St. Louis, MO 63108
mraymondattorney@sbcglobal.net
*Attorney for Defendant*

                                              */s/ Jonathan B. Morrow*

14192786