# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **CHURCH MUTUAL INSURANCE CO.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No: 4:18CV00349 JCH |
| ) | |
| **CIRCLE OF LIGHT** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgement (ECF No. 44) filed June 17, 2019. This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff issued a policy of insurance to Defendant under the policy number 0188688-02-526158 (the "Policy"). Defendant submitted a claim for damage and loss to its building located at 1308 Veronica Avenue, St. Louis, Missouri, 63147. (ECF No. 46, Plaintiff's Statement of Uncontroverted Facts ¶ 1 (Plaintiff Facts)). Defendant claims that on or about May 31, 2013, the property was damaged by hail and or wind. *Id.* ¶ 2. This action arises out of the Parties' dispute over the Appraisal Award that was issued because it allegedly included items for which coverage was still in dispute.

The Policy contained the following Appraisal Provision:

**C. LOSS CONDITIONS**
…

---
[1] The Parties dispute the facts regarding the appraisal and award in this case.

1

> 2. Appraisal.
>
> If we and you disagree on the value of property or amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that a selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.
>
> Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally
>
> If there is an appraisal, we will still retain our right to deny the claim
>
> …

(Plaintiff Facts ¶ 3).

On or about May 31, 2013, the real property, a church building, located at 1308 Veronica Avenue was damaged by hail or wind. (Plaintiff Facts ¶ 2). Plaintiff did not accept coverage for all the claimed loss and disputed whether all the claimed damage was due to storm or hail. (ECF No. 45 at 2, citing Plaintiff Facts ¶ 19). The parties disagreed about the amount of loss and proceeded with the appraisal process pursuant to the Appraisal Provision. *Id.* ¶4. Defendant asserts that the parties also proceeded pursuant to the regulation of the Missouri Department of Insurance at 20 CSR 500-1.100(2)(A) 4, which makes appraisal mandatory upon demand by the insured or the insurer. (Defendant Response to Plaintiff's Statement of Uncontroverted Material Facts, ECF No. 62 ¶ 4 (Defendant Facts)).

Plaintiff and Defendant individually submitted estimates for the loss to the property. Defendant's estimate was completed by Innovative Construction and Roofing and utilized a copper estimate by ADPD, LLC. (Plaintiff Facts ¶ 10). Plaintiff had an estimate prepared by Allmark Services. *Id.* The estimates indicated damage to a portion of the tiles and other parts of the roofing, gutters, vents, and decorative additions but did not include damage to all parts of the roof. (Plaintiff

Facts ¶¶ 36-43). Defendant's estimate found a replacement cost of two-hundred and ten thousand, eight-hundred and twenty-four dollars and fifty-five cents ($210,824.55)(Defendant Facts ¶ 11; ECF No. 44-9). Plaintiff's estimate found a replacement cost of one-hundred and thirty-nine thousand, two-hundred and sixty-eight dollars and fifteen cents ($139,268.15). (Defendant Facts ¶ 11; ECF No. 44-8). The Parties did not agree and proceeded according to the above listed Appraisal Provision.

Pursuant to the Appraisal Provision, Plaintiff provided David Miller for its appraiser and Defendant appointed Cedric Thomas. (Plaintiff Facts ¶ 5). On January 31, 2017, John Easley was appointed as umpire. *Id.* ¶ 6. The parties further agreed to submit only certain aspects of the damage for appraisal. *Id.* ¶ 7. The scope of the parameters were executed in the Appraisal Parameters (*Id.* ¶7; Defendant Facts ¶ 7). The Appraisal Parameters included the following provisions for the agreed manner and scope of the appraisal under the Appraisal Provision:

> 2. … the only issue appropriate for appraisal is the value of the property or the amount of the loss, not whether or not covered damage exists.
>
> 3. In the present case, the respective appraisers and umpire shall appraise the amount of the loss to the roofing system, including any attached guttering, vents decorate[2] additions, and/or exterior lighting related to the May 31, 2013 hail/wind event.
>
> 4. Church Mutual Insurance and Circle of Light Church previously provided their estimates for the amount of damage. The current dispute is not with regarding to scope of the damage, only the amount of loss to the roofing system, including any attached guttering, vents, decorate[3] additions, and/or exterior lighting related to the May 31, 2013 hail/wind event.
>
> 5. The respective appraisers and umpire are not to appraise any damage to the interior, as there is a pending coverage dispute on damage to the interior.

---

[2] Defendant states that this should state decorative (Defendant Facts ¶ 9).
[3] *Id.*

> 6. Additionally, any exterior damage above and beyond the damage outlined in the parties' respective estimates is beyond the scope of the current appraisal process.
>
> 7. However, should the appraisers locate and/or observe further damage to the exterior, which they believe have been caused by or related to the May 31, 2013 hail/wind event, the appraisers are to notify the parties' respective attorneys, so the alleged additional exterior damage may be evaluated and inspected by Church Mutual Insurance.

(Plaintiff Facts ¶ 9; ECF No. 44-7).

Plaintiff asserts that the appraisal parameters limited the appraisal to the value of the scope of damage outlined in the Defendant's or Plaintiff's Estimate. (Plaintiff Facts ¶ 12). The estimates did not include damage to the convent roof, daycare roofing, or garage roof on the property. (Plaintiff Facts ¶¶ 9, 36, 40). Plaintiff's appraiser submitted an estimate for its appraisal, which appraised the total for all work done as two-hundred thousand, one-hundred and twenty-five dollars and twenty-six cents ($200,125.26) (Plaintiff Facts ¶ 13, citing ECF No. 44-12). Defendant's appraiser submitted an estimate which appraised the work costs to be five-hundred and forty-three thousand, two-hundred and seventy-five, and twenty-five cents ($543,275.25). (Plaintiff Facts ¶ 14; ECF No. 44-14). Defendant asserts that this amount includes values for overhead and profit at ten percent each. (Defendant Facts ¶14). Plaintiff asserts that Defendant's appraisal improperly included damage to the convent roof and garage roof, school roof, and the storage roof. (Plaintiff Facts ¶¶ 37, 39). Defendant does not dispute that these items appeared in the Appraisal, but states that they "were not a significant portion of the Appraisal Award…" (Defendant Facts ¶ 37). Plaintiff asserts that it never accepted or acknowledged coverage with respect to any damage not outlined in its own appraisal or estimate. (Plaintiff Facts ¶ 20). Defendant asserts that the Plaintiff agreed to be bound by the scope of damage set forth in the Appraisal Parameters agreed to and signed by its appraiser and Defendant's appraiser. (Defendant Facts ¶ 19, citing ECF No. 44-7). Defendant further asserts that the Parties' previous estimates

included damage to the roofing system, including any attached guttering, vents or decorative additions, related to the estimates of the parties and Cedric Thomas' appraisal estimate. (Defendant Facts ¶ 19).

On or about February 19, 2018, an Appraisal Award for the insurance claim was made to and signed by Defendant's Appraiser, Cedric Thomas, and Umpire John Easley. (Plaintiff Facts ¶ 15). The Appraisal Award included a replacement cost value of five-hundred and forty-three thousand, two-hundred and seventy-five dollars and twenty-five cents ($543,275.25); which after adjustments for deductible, prior payments and depreciation, resulted in an actual cash value of four-hundred and fifteen thousand, eight-hundred and one dollar and twenty-one cents ($415,801.21). (Plaintiff Facts ¶16; ECF No. 44-15). Plaintiff tendered a check to the Defendant in the amount of $51,131,35. (Plaintiff Facts ¶ 21). Plaintiff asserts that this represented the appraised replacement cost in Plaintiff's Appraisal of $200,125.36 less $67,722.32 for non-recoverable depreciation, $76,271.69 for prior actual cash payments, and $5000 for the policy's deductible. *Id.* Plaintiff argues that this amount was undisputed. *Id.* Defendant states that the amount is disputed because it does not comply with the Appraisal Parameters. (Defendant Facts ¶¶ 18,19,21).

Plaintiff states that prior to completing Defendant's Appraisal and signing the Appraisal Award, Defendant's Appraiser did not see or review any of the parties' previous estimates referred to in the Appraisal Parameters; nor did he know whether or not his appraisal was within the scope of the Appraisal Parameters. (Plaintiff Facts ¶¶ 22-23). Defendant asserts that Defendant's Appraiser, Cedric Thomas, having signed the Appraisal Parameters, was made aware thereof. (Defendant Facts ¶¶ 22-23). Defendant's appraiser, however, undertook to determine where covered damage existed. (Plaintiff Facts ¶ 24). The Parties dispute whether Defendant's appraisal

contained damage that was not covered under the policy. (Plaintiff Facts ¶ 24; Defendant Facts ¶ 24). At no time during the appraisal process did the Defendant's Appraiser, Cedric Thomas, notify Plaintiff or an attorney for either party that he found any additional damage not outlined in the Appraisal Parameters. (Plaintiff Facts ¶ 26). The Plaintiff therefore asks the Court to set aside the appraisal for failure of the Defendant to comply with the Appraisal Parameters and Appraisal Provisions.

## **SUMMARY JUDGEMENT**

The Court may grant a motion for summary judgement if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256. In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences

are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id.* at 249.

## DISCUSSION

Under Missouri law, appraisal awards may be set aside for various reasons. The failure of an award to comply with a policy or subsequent agreement regarding the manner or scope of the appraisal may cause an award to be set aside. *St. Paul Fire Marine Ins. Co, of St. Paul, Minn. v. Tire Clearing House*, 58 F.2d 610 (8th Cir. 1932)("It is clear that the award does not comply with the agreement for appraisal. This, of itself, may constitute ground for setting aside the award.")(collecting cases)). "Fraud, misconduct, carelessness, or partiality on the part of one or more of the appraisers" evidenced by an award grossly below the sustained loss will generally justify setting aside an award. *Id.* at 613. Courts will also set aside award if they are "made … in disregard of some important relevant facts and in ignorance of others. *Id.* at 616. Appraisal awards are inapplicable when the disputed issue pertains to scope of coverage as opposed to the value of the covered damage. *See, Am. Family Mut., Ins. Co. v. Dixon*, 450 S.W.3d 831, 835 (Mo. Ct. App. 2014); *Hawkinson Tread Tire Service Co. v. Indiana Lumbermens Mutual Ins. Co.*, 245 S.W. 2d 24, 28 (Mo. 1951). Plaintiff asserts that the Appraisal Award should be set aside because it failed to comply with the agreed Appraisal Parameters, and because it improperly decided issues of insurance coverage. (Plaintiff's Memorandum in Support, ECF No. 45). Defendant argues that the appraisal prepared on behalf of Defendant, "in all material respects, includes the same components as the two estimates" and "therefore, is within the scope of the agreed to Appraisal Parameters" (Defendant's Response, ECF No. 61)(emphasis omitted).

The Court will first look to the terms of the Appraisal Parameters. Under Missouri law, the rules governing interpretation of insurance policies are well-settled. *Dallas v. American General*

*Life and Acc. Ins. Co.*, 858 F. Supp 2d 1019, 1022 (E.D. Mo. 2012)(citing *Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 77 (Mo. 1988)(en banc)). Courts must apply the general rules of contract construction when interpreting an insurance policy. *Id.*, citing *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. 2007)(en banc). When interpreting a contract, the court must give the terms in the contract their plain and ordinary meaning, unless a term is ambiguous. *Id.* citing *Farmland Indus., Inc. v. Republic ins. Co.*, 941 S.W.2d 505, 508 (Mo. 1997)(en banc); *Peters v. Employers Mut. Cas. Co.,* 853 S.W.2d 300, 301 (Mo. 1993)(en banc). Additionally, "a court 'should not interpret policy provisions in isolation but rather evaluate policies as a whole.'" *Id.* at 1022-23, citing *Ritchie v. Allied Prop. & Cas. Ins. Co.,* 307 S.W.3d 132, 135 (Mo. 2009). "A term is ambiguous only if the terms are 'reasonably and fairly open to different constructions, and there is duplicity, indistinctness or uncertainty of meaning.' When ambiguity exists in an insurance policy, the court must interpret the policy in favor of the insured. If, however, the policy is unambiguous the court must enforce the contract's terms as written." *Id.* at 1023. (internal citations omitted).

The Appraisal Parameters state that:

> "…the only issue appropriate for appraisal is the value of the property or the amount of loss, not whether or not covered damage exits…the respective appraisers and umpire shall appraise the amount of the loss to the roofing system, including any attached guttering, vents decorative additions, and or exterior lighting related to the May 31, 20134 hail/wind event…any exterior damage above and beyond the damage outlined in the parties' respective estimates is beyond the scope of the current appraisal process."

(ECF No. 44-7, ¶¶ 2-3,6). Plaintiff argues that the plain language of the Appraisal Parameters limits the scope of the appraisals to the Parties' previously submitted estimates. Defendant instead focuses its analysis on the alleged ambiguity of the term "roofing system" to assert that even if its

appraisal went beyond its estimate, the Defendant's appraisal still fell within permissible limits of the Appraisal Parameters. The Court disagrees with the Defendant.

Paragraph 6 of the Appraisal Parameters clearly indicates that the individual appraisals should not extend beyond the scope of the estimates of the Parties. This is further supported by Paragraph 7 which provides a mechanism for either party to extend the scope of the estimates by contacting opposing counsel about any additional damage. Defendant's estimate, conducted by Innovative Construction and Roofing, included tile repair, asbestos, shingle roof repair, and copper work, lift, and dumpster, totaling $210,824.55 not inclusive of possible charges for broken tiles. (ECF No. 44-9). The broken tile replacement fee was estimated at an additional $4.66 per broken tile. *Id.* Defendant's appraisal however includes many line items not present in the estimate including solar panels, and additional repairs to adjacent buildings, and ultimately proposes a figure of $543,275.25 in damage. While Defendant believes that it has materially complied with the Appraisal Parameters because "roofing system" is allegedly ambiguous, the Defendant had a clear procedure to follow to include any roofing line items that extended beyond its estimate and has not done so. While the Appraisal Parameters allows for the appraisal of the "roofing system" the term is subsequently defined and limited by the following paragraphs in the contract. While the appraisal was to address the "roofing system, including any attached guttering, vents, decorative additions and/or exterior lighting" this could not include "any damage to the interior" and could not include "any exterior damage above and beyond the damage outlined in the parties' respective estimates" (ECF No. 44-7, ¶¶ 3, 5, 6). The contract is clear and unambiguous.

The Defendant has not raised any issue of material fact to rebut the Plaintiff's argument that the Defendant impermissibly went beyond the scope of the Appraisal Parameters. In fact, the Defendant admits that the Appraisal Parameters were mutually agreed upon and signed by both

Appraisers and the Umpire. (Plaintiff Facts, ¶ 8; Defendant Facts ¶ 8) Defendant's argument that the Appraisal Award was substantially similar to the Parties' estimates is without merit. The Defendant has not directed the Court to any authority to support the contention that substantially similar Appraisal Awards that do not follow the contractual obligations of the parties should nevertheless be upheld.

The Court will set aside the Appraisal Award for Defendant's failure to comply with the Appraisal Parameters. *See Security Printing Co. v. Connecticut Fire Ins. Of Hartford, Conn.*, 240 S.W. 263, 269 (Mo. Ct. App. 1922)(holding that an agreement entered into after a loss as to the manner in which the appraisal provision in the policy would be carried out would be valid and controlling, and that failure of appraisers to comply with such agreement rendered the appraisal award invalid); *and see Security Printing Co. v. Westchester Fire Ins. Co of New York City*, 221 S.W. 430 (Mo Ct. App. 1920)(holding the same). Since the Appraisal Parameters were clear and unambiguous, the failure of Defendant's appraisal to comply with them is determinative in this case. The court need not evaluate whether the Defendant's appraisal made additional determinations about coverage.

[THIS SECTION HAS INTENTIONALLY BEEN LEFT BLANK]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgement (ECF No. 44) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Deem Statement of Uncontroverted Material Facts and Grant Plaintiff's Motion for Summary Judgement (ECF No. 58) is **DENIED as moot.**

Dated, this 10th day of September 2019.

/s/ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE